PERCY E. QUIN ET AL. *v.* PHILIP HART ET AL.

1. INTERPLEADER. *Chancery practice. Injunction.*

   Though relief by injunction be asked therein, a bill by debtors to ascertain to whom their debt should be paid is a bill of interpleader, and the rights of parties should be treated accordingly.

2. SAME. *Payment into court.*

   A complainant in a bill of interpleader is not entitled to relief by injunction when he has paid nothing into court.

FROM the chancery court of, first district, Hinds county.

HON. ROBERT B. MAYES, Chancellor.

Appellants, Percy E. Quin and the Jackson Steam Laundry & Bath Company, filed the bill in this case in the chancery court of the first district of Hinds county against Philip Hart, Louis Bendat, and I. Forcheimer, in which they allege: That on the 21st day of September, 1903, Percy E. Quin, individually and as president of the Jackson Steam Laundry & Bath Company, executed a note for $3,990, payable to Louis Bendat or bearer, due January 6, 1904, which was secured by deed of trust to Philip Hart, as trustee, on the property of the Jackson Steam Laundry & Bath Company; that $3,300 of said note was for thirty-three shares of stock owned and held by said Bendat in said corporation; that, on the payment of the note of $3,990, the stock was to be delivered and transferred to P. E. Quin; that on December 5, 1903, Bendat ostensibly transferred said note to I. Forcheimer, and, when the note became due, complainant, Quin, was unable to ascertain the real owner of it; that said shares stand on the books of the Jackson Steam Laundry & Bath Company in the name of L. Bendat, and, according to the charter of that corporation, the stock is still the property of Bendat until it is transferred on the books, and, since Bendat disclaimed ownership of the note, complainant could not with

safety pay it, because Forcheimer had no authority to transfer the stock; that it was a scheme of Bendat to enforce a double payment of the $3,300 on the note, because when Quin paid the note he would not be the owner of the stock; that on February 4, 1904, the McComb City Bank filed a bill in the chancery court of Pike county, making L. Bendat, I. Forcheimer, and P. E. Quin, individually and as president of said corporation, defendants, whereby Bendat is sued for $2,000, and the indebtedness said to be due him by complainants is sought to be made liable therefor, and said thirty-three shares of stock in said Jackson Steam Laundry & Bath Company asked to be decreed to be the property of Bendat, and that same be subjected to the payment of said indebtedness. A copy of that bill was made an exhibit to the bill. Complainant further alleged that after service of process in the Pike county suit, with the willful and wanton attempt to hamper the business of complainants, Bendat had the trustee in the deed of trust, Philip Hart, to post notices of the sale of the property under the deed of trust; that, of the $3,990, $3,300 was due for the thirty-three shares of stock, and only $690 was due to Bendat for services; that complainant Quin is able and willing to pay the entire note, but cannot safely pay it, because of the fact that he does not know to whom it belongs; and that the foreclosure by Hart would work an irreparable injury to said complainant. The prayer was for an injunction restraining Philip Hart from making the sale under the deed of trust. The injunction was issued in accordance with the prayer of the bill. Hart answered, admitting the execution of the trust deed, and that the note was dated and payable as alleged, and, as further security for the payment, Bendat was to retain the shares of stock; and alleged that he had no other interest in the suit than that of trustee. Bendat answered, admitting the execution of the note and trust deed as alleged; admitted that $3,300 was for the purchase money of the shares of stock, and the balance was for salary due him; that he was to retain the shares of stock until the

note was paid, and that on payment the stock was to be transferred to said Quin; but alleged that the note was not paid at maturity, and prior to its maturity he sold it to I. Forcheimer for value; and that upon payment the shares of stock would be transferred. He denied that he was seeking to have a double payment of the note. I. Forcheimer answered, setting up that he was the true owner of the note, having bought it before maturity; denied all the allegations of fraud charged in the bill; and denied any knowledge of the transactions between the bank and Bendat. The McComb City Bank was not made a party to this suit, and Quin did not pay the money admitted to be due by him into court. On this bill and answers affidavits were taken, and, on the hearing of a motion to dissolve, they were read. The motion to dissolve the injunction was sustained, and complainants appealed.

*Green & Green*, for the appellants.

The appellant, Quin, admits that he owes the note, and it is not disputed that he is amply able to pay it; but Quin is now a garnishee, the amount due on the note has been impounded in his hands, and a proceeding *in rem* is now being waged to condemn it and his control thereof entirely divested. There are two adverse claimants to the fund, each claiming the entire amount due by Quin; and Quin stands garnisheed at the suit of one of them, and, so far as the law is able to do, Quin will be compelled to respond to the bank if it is successful, and Forcheimer is now proceeding to collect the amount due on the note by foreclosure on property in which Quin owns a main interest.

Quin is only liable once and has been garnisheed in the chancery court of Pike county, and now requests that his garnishment in that court be protected by a decree substantially similar in its essential elements to a bill of interpleader. *Preston* v. *Harris*, 24 Miss., 247; *Moffat* v. *Loughridge*, 51 *Ib.*, 215.

When the writ of garnishment was served on Quin, it operated under the law as a transfer assignment to the McComb City Bank of whatever interest Bendat then had therein upon the condition that the bank successfully prosecuted its suit; in short, it was a conditional assignment of which Quin had notice and operated to divest by an act of the law any control he had thereof by and through no act of his, and a garnishee will be protected, as he stands as a trustee and entitled to the aid and guidance of the chancery court as such. As said in *Oldham* v. *Ledbetter,* 1 How., 43, in the syllabus: "The garnishee is regarded by the law in the character of a trustee; and as such it is his duty to take legal and appropriate steps to protect the rights of all parties to the goods or effects attached in his hands. If, after notice, though execution may have been awarded against him, he satisfy the judgment, it will be in his own wrong, and will constitute no valid defense to the claim." Moreover, in *Henderson* v. *Garrett,* 35 Miss., 554, it was held that a judgment debtor, who has been summoned as a garnishee, may maintain a bill of interpleader against the plaintiff and the person suing out the garnishment; and he is entitled to an injunction until the rights of the parties are adjudged and settled.

Doubtless appellee will contend that while it was competent to file the bill of interpleader this necessarily presupposes an actual payment into court of the fund. But why? In the instant case there is now depending this McComb City Bank suit, wherein the necessary parties are not joined and are now litigating *inter se* the relative rights of each, and your orator, the debtor, has to supinely sit by to await the outcome, and meanwhile allow Hart, the trustee, to sell the property.

The suit is now progressing, the rights being determined, and when determined in this suit they will be binding. Appellant only desires that until this suit be determined he should not needlessly be exposed to the double payment. The hardship of this stands admitted in the pleadings by the defendant him-

self. The relative rights will soon be determined duly and orderly between the bank and Forcheimer, and no further suit is necessary for that purpose; it would only entail useless expense. We could not proceed by filing a cross-bill, because P. Hart, trustee, is no party to the McComb City Bank suit.

The only thing requisite for the protection of appellant is that the lien be not enforced until it shall be determined to whom the fund is payable—the precise issue now being tried in Magnolia; but to make the relief at all effective, it is requisite that until that issue shall be determined the property securing the note shall not be sold under the power, by a party whose every right to the fund is now being questioned, and which has passed by virtue of the law itself as a conditional assignment to the bank dependent for its validity upon the determination of a condition subsequent—namely, the determination of a condition as to whom the fund belongs. The injunction we ask is merely ancillary, auxiliary to the main suit, and will endure only until the final termination, until appellant can act with safety. 16 Am. & Eng. Ency. Law (2d ed.), 372; 1 Smed. & M., 555.

*Robert Lowry,* and *Harper & Potter,* for the appellees.

1. The only aspect in which the bill can be maintained is as a bill in the nature of a bill of interpleader, and appellants here distinctly seek to support and sustain it as such, and cite the case of *Preston* v. *Harris,* 24 Miss., 247, in its support. We concede that this is the only view in which the bill can be maintained, if at all; but the bill as a bill of interpleader must fail for several reasons. It is of the very essence of any bill in the nature of a bill of interpleader that both claimants to the fund must be made parties defendant in order that the controversy between them can be settled in one and the same suit. Yet this bill wholly fails to make the McComb City Bank a party, and leaves the bank and its garnishment proceedings in Pike county without molestation. We insist that the proper

proceeding in this case would have been for Quin to have brought this whole matter to the attention of the chancery court of Pike county, where the whole matter might have been determined. But if it be true, as claimed by appellants, that all of the necessary parties were not parties to the suit in Pike county, then certainly it was necessary to have brought in all of the necessary parties in the suit in Hinds county. Clearly the bill is totally defective in leaving out one of the claimants to the fund in question.

2. Again, from the very earliest days, the foundation upon which any bill in the nature of a bill of interpleader rested, and must rest, was that while the complainant admitted a debt or duty, but did not know to whom of two persons he owed it, and invoked a court of equity to bring the two parties into court, in order to determine between them, at the same time it was required that the complainant must offer to perform the duty, or must tender the property, funds, or debt into the custody of the court for its disposition. And from time imme-morial this tender of the funds into court has been held to be a condition precedent, a *sine qua non,* to any further procedure in the case. More than that, the complainant must swear that there was no collusion between the parties for the purpose to delay the collection of the debt. 2 Story's Eq. Jur., sec. 809; 2 Daniel's Chancery Practice, 1671.

That all proceedings in the nature of an interpleader require that the fund in dispute must first be paid into court seems to be fully recognized by our jurisprudence, as indicated by § 2143, Code 1892, where the procedure in the nature of interpleader is adapted to and authorized in courts of law in certain instances. *Kellogg* v. *Freeman,* 50 Miss., 129.

Argued orally by *Gurner W. Green,* for appellants, and by *Robert Lowry* and *W. R. Harper,* for appellees.

WHITFIELD, C. J., delivered the opinion of the court.
The bill in this case must be treated as a bill of interpleader;

and as nothing was paid into court by the complainant, the action of the court below was correct in dissolving the injunction. But the court should not have stopped short with the mere dissolution of the injunction. The case is a peculiar one in some of its aspects. The bill filed by the McComb City Bank distinctly counts upon the fact that the thirty-three shares of stock were standing upon the books of the corporation still registered to Bendat as owner, and, for this reason, that said stock be decreed to be Bendat's, and sold, as such, to satisfy his debt to the McComb City Bank. In addition to this, it also alleges fraud in the sale of the note from Bendat to Forcheimer, as to which last contention, however, so far as this motion is concerned, the evidence seems to have been with the appellee. We think the court, on the remanding of this case, should enter an order directing Quin to pay the amount of his note into the court, and directing the holder of the thirty-three shares of stock to deposit them with the clerk of the court. In its order directing the money to be paid in and the stock to be deposited, the court below should provide further that, upon compliance with its order in these two respects, the injunction should be reinstated. The court below should then proceed to try the question as to whom the shares of stock belong, and as to the validity of the transfer between Bendat and Forcheimer, and all the other equities in the case. If, on the trial on the merits, it shall appear that Quin is entitled to the shares of stock, they should be delivered to him, and the money for the same be directed to be paid to the party appearing to be entitled. If, however, it should appear on the trial on the merits that the McComb City Bank is entitled to subject the stock to its claim against Bendat, then the money paid in by Quin, so far as represented by the value of the stock, should be returned to him. In this way the court will administer all the equities and control the direction of the stock and the payment of the money.

*Affirmed, and remanded to be proceeded with in accordance with this opinion.*